## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| JOHN PAPI and JOHN J. PAPI, LLC, | |
| Plaintiffs, | |
| vs. | Civil No. 16- |
| TOWN OF GORHAM, | |
| TOWN OF GORHAM TOWN COUNCIL, | |
| TOWN OF GORHAM TOWN CLERK, | |
| DAVID COLE, individually and in his capacity as Town Manager, and | |
| RONALD SHEPARD, individually and in his capacity as Chief of Police, | |
| DANIEL JONES, individually and in his capacity as Chief of Police, | |
| Defendants | |

## COMPLAINT WITH JURY DEMAND

The plaintiffs, John Papi and John J. Papi, LLC, bring this action against the Defendants

Town of Gorham, Town of Gorham Town Council, Town of Gorham Town Clerk, David Cole,

Ronald Shepard, and Daniel Jones for, inter alia, Equal Protection and Arbitrary and Irrational

Discrimination in violation of U.S. Constitution Amendment XIV and 42 U.S.C. §1983 (Count

I); Equal Protection and Due Process of Law: Unbridled Discretion of Public Officials in

violation of U. S. Constitutional Amendment XIV and 42 U.S.C. §1983 as to Defendant Cole

(Count II); Equal Protection and Due Process of Law: Unbridled Discretion of Public Officials in violation of U. S. Constitutional Amendment XIV and 42 U.S.C. §1983 as to the Town of Gorham (Count III); Privileges or Immunities: violation of U. S. Constitutional Amendment XIV and 42 U.S.C. §1983 (Count IV);  Privileges and Immunities under Maine Constitution, Artile I, Section 6-A (Count V); and Petition for Writ of Mandamus (Count VI).

## NATURE OF ACTION AND JURISDICTION

1.      This is a civil action under 42 U.S.C. §1983 seeking damages and injunctive relief, including a petition for Writ of Mandamus, against Defendants for committing acts, under color of law, with the intent and for the purpose of depriving Plaintiff of rights secured under the Constitution and laws of the United States and the State of Maine; and the selective administration of the Town of Gorham's Solid Waste Flow Control Ordinance.

2.      This case arises under the United States Constitution and 42 U.S.C. §1983, as amended.  This Court has jurisdiction in the matter pursuant to 28 U.S.C. §§1331 and 1343.

3.      Plaintiffs bring this action resulting from damages incurred due to the Town of Gorham's selective enforcement in *Town of Gorham v. John Papi*, Docket No. VI-14-001 (Cumberland County Superior Court, March 27, 2015).

4.      On or about January 28, 2014, Plaintiff John Papi was cited for violation of Section 6.1 of the Town's Waste Removal Ordinance when the Town knew of other similarly situated waste removal companies, including its own waste removal company, R.W. Hendricks, were operating in the Town without a license in violation of the Ordinance.

2

5.      The Defendants actions result in unfair competition and depravation of property, accomplished under color of law, to the detriment and loss of Plaintiffs.

6.      The Court is an appropriate venue for this dispute pursuant to 28 U.S.C. 1391(b)(1) and (b)(2).  The action complained of took place in this judicial district; evidence and civil citations relevant to the allegations are maintained in this judicial district; and Defendant Town of Gorham is located in this judicial district.

## PARTIES

7.      Plaintiff John Papi ("Papi") is an individual that resides in the Town of Gorham, Cumberland County, Maine.

8.      Plaintiff John J. Papi, LLC is a Maine business entity which owns and operates a solid waste removal or waste hauling business, Pine State Disposal, in several towns including the Town of Gorham, Cumberland County, Maine.

9.      Defendant Town of Gorham is a Maine corporate body subject to suit with in the meaning of 42 U.S.C. §1983.  It is vested with the authority to administer trash hauler licenses.

10.     Defendant Town Council of the Town of Gorham, Maine is an elected body subject to suit within the meaning of 42 U.S.C. §1983.  It is vested with the authority to administer trash hauler licenses in accordance with the Town of Gorham's Solid Waste Removal Ordinance.

11.     Defendant Town Clerk of the Town of Gorham, Maine is an employee of the Town of Gorham, Cumberland County, Maine.  He or she is vested with the

authority to issue trash hauler licenses in accordance with the Town of Gorham's
Solid Waste Removal Ordinance.

12.     Defendant David Cole ("Cole") is the Town Manager for the Town of Gorham,
Maine.  He is sued for damages in his individual capacity and for declaratory and
injunctive relief in his official capacity.

13.     Defendant Ronald Shepard ("Shepard") was the Chief of Police for the Town of
Gorham, Maine until November 2014.  He is sued for damages in his individual
capacity and for declaratory and injunctive relief in his official capacity.

14.     Defendant Daniel Jones is the Chief of Police for the Town of Gorham, Maine.
He is sued for damages in his individual capacity and for declaratory and
injunctive relief in his official capacity.

15.     At all times relevant, Defendants, jointly and severally, acted under color of law
to deprive Plaintiffs of property and engage in acts causing unfair competition
against Plaintiffs and in favor of other waste haulers, including the Town of
Gorham's own waste hauler, R.H. Hendricks.

## FACTS

16.     John Papi (hereinafter "Plaintiff" or "Papi") is the owner and manager of a single-
member LLC, John J. Papi, LLC, most recently d/b/a Pine State Disposal.

17.     Papi, as the owner and operator of Pine State Disposal, obtained a Solid Waste
Removal License pursuant to the Town of Gorham's Solid Waste Control
Ordinance (hereinafter the "Ordinance") for the years 1998-2013.

18.     In the years 2002, 2003 and 2004, when Papi obtained his Solid Waste Removal
License with the Town of Gorham, Papi notified then Town Clerk Brenda

Caldwell of known, unlicensed waste haulers doing business in the Town of Gorham.

19. Upon information and belief, no action was taken by the Town of Gorham against any identified waste haulers in 2002, 2003 or 2004.

20. In 2009, when Papi obtained a Solid Waste Removal License with the Town of Gorham, Papi notified Town Clerk Christine Silverman of known unlicensed waste haulers doing business in the Town of Gorham.

21. Upon information and belief, no action was taken against any identified waste haulers by the Town of Gorham in 2009.

22. In 2010 and 2011, when Papi obtained a Solid Waste Removal License with the Town of Gorham, Papi notified Town Clerk Connie Lochlan of known unlicensed waste haulers doing business in the Town of Gorham.

23. Upon information and belief, no action was taken by the Town of Gorham against any identified waste haulers in 2010 or 2011.

24. Prior to January 28, 2014, Papi had a least one conversation with the Town of Gorham's Town Manager, David Cole, regarding the Town's failure to require all waste haulers to obtain a license.

25. At all times, Papi expressed his opposition to the Town's selective enforcement of the Ordinance and provided the names of known unlicensed haulers to the Town Manager.

26. Prior to January 28, 2014, the Town Manager instructed then Police Chief Ronald Shepard to issue a citation to Papi for allegedly hauling waste in the Town of Gorham without a license.

27.   On January 28, 2014, Chief Shepard, while off-duty, allegedly watched Papi haul waste from Cook's Hardware Store in Gorham.

28.   Chief Shepard allegedly called on-duty Police Sgt. Dan Young and directed him to Cook's Hardware to serve Papi with a citation for violation of the Ordinance.

29.   Papi first appeared before the Maine District Court pursuant to the Unified Criminal Docket on May 4, 2014 to respond to the citation.

30.   On October 4, 2014, Papi, then representing himself pro se, served the Town of Gorham with three separate requests under the Freedom of Access Act seeking emails, photos, and correspondence from the Town Manager, the Town Clerk and Town Councilor Ben Hartwell pertaining to the Solid Waste Control Ordinance, licenses and the case against Papi.

31.   Email correspondence between Council Member Hartwell and Defendant Cole showed that the Town was aware of other waste haulers operating in the Town of Gorham without a license, including its own waste hauler, R.W. Hendricks.

32.   In an email dated September17, 2014, Defendant Cole acknowledged that the town was treating Papi differently and that the Police would enforce the law when they knowingly see a violation, police resources would not be diverted to any other unlicensed waste hauler.

33.   Town Council Member Hartwell submitted a list of unlicensed hauler, with photographs, on or about September 2, 2014.

34.   Papi also submitted photographs and a list of unlicensed haulers to the Town of Gorham, and included it with his Witness and Exhibit List.

35.     Upon information and belief, none of the unlicensed waste haulers identified by Council Member Hartwell or Papi have been cited for violation of the Ordinance, or required to comply the Ordinance, resulting in unfair disadvantage in trade or commerce to the Plaintiffs and loss of protected property rights by officials acting under color of law.

36.     Upon information and belief, the Town Manager has not asked any member of the Gorham Police Department to "look out for" or "summons on sight" any of the unlicensed waste haulers identified by Council Member Hartwell or Papi .

37.     At the trial, the Town Manager testified that the Town's own waste hauler, R.W. Hendrick, does not have a license.

38.     The Town did not provide any rational basis for its selective enforcement of the Ordinance and depravation of property against Papi, but not its own waste hauler.

39.     Upon information and belief, Mr. Cole was, at all times relevant, aware that similarly situated waste haulers operating in the Town of Gorham were operating without a Solid Waste Removal license.

40.     By letter dated June 25, 2015, the Town notified Papi d/b/a Pine State Disposal that "[s]ome Solid Waste businesses have been operating in Gorham without their required license…" further acknowledging that the Town was aware of "some" i.e. more than one solid waste businesses operating without a license.

41.     By that same letter, the Town declared that it "intends to step up its enforcement program and, if necessary, will prosecute in court businesses that are in violation of the Ordinance."

42. Upon information and belief, the Town has still not issued a citation for violation of the Ordinance to any waste hauler business other than Papi.

43. Defendant Cole directly commanded the depravation of property rights and unfair competition against Plaintiffs when he directed Defendant Shepard to cite Plaintiffs, and only Plaintiffs, for violation of the Ordinance.

44. Defendant Cole and Defendant Shepard were selectively enforcing the Ordinance under color of law and pursuant to unjust and arbitrary municipal policy, practice and procedure.

45. Upon information and belief, Defendants singled out Papi in retaliation of Papi's vocal opposition to the Town's selective application of the Ordinance.

46. During on-going litigation with the Town of Gorham for alleged violations of the Ordinance, Defendants the Town of Gorham and Cole denied the Plaintiffs a license to operate his waste removal business even though he had paid the license fee.

47. Such denial of a license is not provided for in the Ordinance and was a retaliatory action on the part of Defendants Town of Gorham and Cole.

48. Defendants' selective enforcement of the Ordinance against only Papi is malicious and/or in bad faith and intended to injure the Plaintiff's business and livelihood and deny him equal protection under the law.

49. Defendants' selective enforcement of the Ordinance created unfair competition and loss of property, favoring waste haulers, including the Town's contracted waste hauler, over Papi.

8

50. Plaintiffs have no plain, adequate, or complete remedy at law to redress the foregoing violations of constitutional rights and property interests, and this suit for injunctive and declaratory judgment is the only means of securing complete and adequate relief.

51. No other remedies offer Plaintiffs substantial and complete protection from Defendants' unlawful policies and practices.

52. The Ordinance is enforced or enforceable by Defendants under the color and pretense of the laws, statutes, and policies of the Town of Gorham, State of Maine and the United States.

53. The Defendants' selective enforcement of the Ordinance deprived and deprives Plaintiffs of property rights, to operate their waste removal business in the Town of Gorham, Maine, without due process of law.

### COUNT I:  EQUAL PROTECTION
### ARBITRARY AND IRRATIONAL DISCRIMINATION;
### U.S. CONST. AMEND XIV & 42 U.S.C. §1983

54. Plaintiffs incorporate and reallege each and every allegation contained in the preceding paragraphs of this Complaint.

55. By allowing other waste haulers to operate in the Town of Gorham without purchasing a Solid Waste Removal license promotes unfair competition between similar situated waste haulers.

56. By selectively requiring one waste hauler, namely Plaintiffs, and not all waste haulers operating in the Town of Gorham, to purchase a license, Defendants, acting under color of law, are irrationally and arbitrarily discriminating against

Plaintiffs in favor of other Solid Waste Removal businesses in violation of Plaintiffs' right to equal protection of the laws.

57.   Defendants' ambiguous and selective requiring of Plaintiffs to purchase a license under the Ordinance places a substantial burden on Plaintiffs' ability to compete with other similarly situated waste haulers operating in the Town of Gorham.

58.   Allowing other Solid Waste Removal businesses and Plaintiffs' competitors to operate in the Town of Gorham without purchasing a Solid Waste Removal license bears no rational connection to public health, safety or welfare.

59.   Plaintiffs are informed and believe, and on that basis allege, that Defendants believe that their actions comply with all applicable laws.

60.   An actual controversy exists between the parties, and Plaintiffs are suffering an ongoing and irreparable harm by Defendants' discriminatory treatment, and the harm will continue until the Defendants are enjoined by this Court from selectively requiring Plaintiffs, and not all waste haulers operating in the Town of Gorham to procure a license in accordance with the Solid Waste Removal Ordinance.

**COUNT II:**
**EQUAL PROTECTION AND DUE PROCESS OF LAW:**
**UNBRIDALED DISCRETION OF PUBLIC OFFICIALS;**
**U.S. CONST. AMEND. XIV & 42 U.S.C. §1983**

61.   Plaintiffs incorporate and reallege each and every allegation contained in the preceding paragraphs of the Complaint.

62.   Defendant Cole has complete discretion to enforce the Solid Waste Removal Ordinance.

63.    Defendant Cole, acting under color of the ordinance, was granted the unbridled discretion to decide which unlicensed Solid Waste haulers would be cited for violating the Ordinance.

64.    By directing the Chief of Police to cite Plaintiffs, and only Plaintiffs, even though Defendant Cole was aware of other, unlicensed waste haulers operating in the Town of Gorham, Defendant Cole created a "class of one" that consisted of only Plaintiffs, in violation of constitutional rights of equal protection and due process.

65.    By enforcing the Ordinance in a discriminatory, arbitrary, and irrational manner, Defendant Cole, acting under the color of law, arbitrarily  and irrationally discriminated against Plaintiffs in violation of Plaintiffs' right to equal protection of the laws.

66.    Upon information and belief, Plaintiffs assert that Defendant Cole believes that his actions comply with all applicable laws.

67.    An actual controversy exists between the parties, and Plaintiffs are suffering an ongoing and irreparable harm by Defendant Cole's discriminatory treatment, and the harm will continue until this Court issues injunctive relief or a  writ of mandamus directing the Defendant Cole to properly and fairly enforce the Solid Waste Removal Ordinance to all waste haulers conducting business in the Town of Gorham.

**COUNT III:**
**EQUAL PROTECTION AND DUE PROCESS OF LAW:**
**UNBRIDALED DISCRETION OF PUBLIC OFFICIALS;**
**U.S. CONST. AMEND. XIV & 42 U.S.C. §1983**

68.    Plaintiffs incorporate and reallege each and every allegation contained in the preceding paragraphs of this Complaint.

69. The Solid Waste Removal Ordinance, and the procedures Defendants have adopted to administer the Ordinance, grant Defendants and their staff unlimited and unguided discretion to apply the Ordinance in a discriminatory, arbitrary, and irrational manner.

70. By exercising unlimited, unguided discretion over administration of the Ordinance, the Defendants, acting under the color of law, violate Plaintiffs' right to equal protection and due process of law as guaranteed by the Fourteenth Amendment of the United States Constitution and 42 U.S.C. §1983.

71. Plaintiffs are informed and believe, and on that basis alleged, that Defendants believe that their actions comply with all applicable laws.

72. An actual controversy exists between the parties, and Plaintiffs are suffering an ongoing and irreparable harm by Defendants' discriminatory treatment and the harm will continue until this Court issues an injunction or writ of mandamus directing the Defendants to properly and fairly enforce the Solid Waste Removal Ordinance to all waste haulers conducting business in the Town of Gorham.

### COUNT IV: PRIVILEGES OR IMMUNITIES;
### U.S. CONST. AMEND. XIV & 42 U.S.C. §1983

73. Plaintiffs incorporate and reallege each and every allegation contained in the preceding paragraphs of this Complaint.

74. By selectively enforcing the Soild Waste Removal Ordinance, Defendants, acting under the color of law, arbitrarily and unreasonably interfered with Plaintiffs' constitutional right to earn a living in a lawful occupation in violations of the privileges and immunities clause of the Fourteenth Amendment of the United States Constitution.

75.     Plaintiffs are informed and believe, and on that basis allege, that Defendants believe that their actions comply with all applicable laws.

76.     An actual controversy exists between the parties, and Plaintiffs are suffering an ongoing and irreparable harm by Defendants' arbitrary and capricious selective enforcement of the Ordinance, and the harm will continue until this Court issues an injunction or writ of mandamus directing the Defendants to properly and fairly enforce the Solid Waste Removal Ordinance to all waste haulers conducting business in the Town of Gorham.

**COUNT V:  PRIVILEGES OR IMMUNITIES UNDER**
**MAINE CONST., ART. I, SECTION 6-A**

77.     Plaintiffs incorporate and reallege each and every allegation contained in the preceding paragraphs of the Complaint.

78.     By selectively administering the Ordinance, Defendants, acting under the color of law, arbitrarily and unreasonably interfered with Plaintiff Papi's Maine State constitutional right to earn a living in a lawful occupation in violation of the privileges or immunities clause of Article I, Section 6-A of the Maine Constitution.

79.     Plaintiffs are informed and believe, and on that basis allege, that Defendants believe their actions comply with all applicable laws.

80.     An actual controversy exists between the parties, and Plaintiff is suffering an ongoing and irreparable harm by Defendants' selective application of the Solid Waste Removal Ordinance against Plaintiff, and the harm will continue until this Court issues an injunction or writ of mandamus directing the Defendants to

properly and fairly enforce the Solid Waste Removal Ordinance to all waste haulers conducting business in the Town of Gorham.

## COUNT VI:  PETITION FOR WRIT OF MANDAMUS AND/OR INJUCTIVE RELIEF

81.   Plaintiffs incorporate and reallege each and every allegation contained in the preceding paragraphs of the Complaint.

82.   Section 6.1 of the Ordinance states "No Commercial or Residential Refuse Collector shall collect, recycle, or haul Solid Waste generated within the boundaries of the Town of Gorham without first obtaining an annual license."

83.   Section 10. 2 of the Ordinance states "It shall be the duty of the Town Council or its designee to enforce the provisions of this ordinance."

84.   Upon information and belief, the Town Manager is the designee responsible for the enforcement of the Ordinance.

85.   The Ordinance establishes a legal duty on the part of the Town Manager to administer the Ordinance.

86.   Town Manager failed and refuses to administer the Ordinance except against Plaintiffs.

87.   The Ordinance is not discretionary.

88.   The Ordinance does not allow the Town of Gorham or its designee to use his or her discretion in determining which solid waste haulers operating within the town limits must obtain a license.

89.   The Ordinance clearly states in Section 6.1 that  "Commercial or Residential Refuse Collector shall collect, recycle, or haul Solid Waste generated within the boundaries of the Town of Gorham without first obtaining an annual license."

14

90.   The Ordinance requires the Town of Gorham and Defendant Cole as its designee, to collect license fees from all commercial or residential refuse collectors.

91.   Defendant Cole testified in a prior proceeding against Plaintiff that he knew of other solid waste haulers operating in the Town of Gorham without a license, but chose not to enforce the Ordinance as to those haulers, including the Town's own hauler, R.W. Hendricks.

92.   Plaintiffs have, at various times throughout the years, identified other solid waste haulers operating within the Town of Gorham without a license.

93.   Council Member Hartwell identified solid waste removal companies that were violating Section 6.1 and 6.6.2(a) of the Ordinance.

94.   Upon information and belief, Defendant Cole as the Town of Gorham's designee, never applied the Ordinance to the solid waste haulers identified by Council Member Hartwell.

95.   Plaintiffs seek a injunctive relief and/or a writ of mandamus compelling the Town of Gorham and Defendant Cole as their designee to enforce the Ordinance, collect licensing fees, and issue citations to each solid waste hauler operating without a license in the Town of Gorham in accordance with Section 6.8.1.1 of the Ordinance.

96.   Plaintiffs seek injunctive relief and/or a writ of mandamus compelling the Town of Gorham and Defendant Cole as their designee to enforce the Ordinance, collect licensing fees, and issue citations to each solid waste hauler operating without a license in the Town of Gorham in accordance with Section 9.1. of the Ordinance.

**COUNT VII:**
**M.R.CIV.P. 80B**

97.     Plaintiffs incorporate and reallege each and every allegation contained in the

preceding paragraphs of the Complaint.

98.     Plaintiffs paid the Solid Waste license fee pursuant to the Ordinance for 2015 and

2016.

99.     Defendant Town Clerk failed to issue a Solid Waste license to the Plaintiffs.

100.    Defendant Town Clerk failed to act upon the Plaintiffs' license application

pursuant to Chapter 6 of the Ordinance.

101.    Defendant Town Clerk has not denied, revoked or suspended the Plaintiffs'

license in accordance with Ordinance §6.8.

102.    Defendant Town Clerk has not issued a notice to the Plaintiffs of a hearing for

any suspension or revocation of the Plaintiffs' solid waste license.


**PRAYER**

WHEREFORE, Plaintiffs John Papi and John J. Papi, LLC respectfully request relief against

each and every Defendant, jointly and severally, as follows:


(1)     To enter a declaratory judgment that the Defendants have arbitrarily and capriciously

selectively administered the Solid Waste Removal Ordinance in violation of the Due

Process Clause of the Fourteenth Amendment to the United States Constitution and

42 U.S.C. §1983 and award compensatory and exemplary damages in an amount to

be determined together with counsel fees, costs and interest;

(2)     To enter a declaratory judgment that the Defendants have arbitrarily and capriciously

selectively administered the Solid Waste Removal Ordinance in violation of the

16

Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §1983 and award compensatory and exemplary damages in an amount to be determined together with counsel fees, costs and interest;

(3)     To enter a declaratory judgment that the Defendants have arbitrarily and capriciously selectively administered the Solid Waste Removal Ordinance in violation of the Privilege or Immunities Clause of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §1983 and award compensatory and exemplary damages in an amount to be determined together with counsel fees, costs and interest;

(4)     To enter a declaratory judgment that the Defendants have arbitrarily and capriciously selectively administered the Solid Waste Removal Ordinance in violation of the Due Process Clause of the Maine Constitution, Article I, Section 6-A;

(5)     To issue a Permanent Injunction and/or Writ of Mandamus requiring the Defendants, jointly and severally, to administer the Solid Waste Removal Ordinance, collect licensing fees and issue citations to all unlicensed waste removal haulers operating in the Town of Gorham;

(6)     To issue an Order directing the Town Clerk to issue the Plaintiffs a Solid Waste Removal license or provide a hearing to the Plaintiffs if the Town Clerk issues a denial, revocation or suspension in accordance with the Ordinance; and

(7)     For costs of suit;

(8)     For reasonable attorneys' fees, pursuant to 42 U.S.C. §1988(b); and

(9)     Any such further legal and equitable relief as the Court may deem just and proper.

**PLAINTIFF REQUESTS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

DATED at South Portland, Maine this 4th day of November, 2016.

17

Respectfully submitted,

John J. Papi and John J. Papi, LLC,

By their attorneys,

BY:    /s/ Jeffrey Bennett_____
       Jeffrey Bennett, Bar Roll #7223
       LEGAL-EASE, LLC, P.A.
       198 Maine Mall Road
       South Portland, ME 04106
       (207) 805-0055