UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOHN PAPI and JOHN J. PAPI, LLC, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) 2:16-cv-00560-JDL ) ) |
| TOWN OF GORHAM, TOWN OF GORHAM TOWN COUNCIL, TOWN OF GORHAM TOWN CLERK, DAVID COLE, individually and in his official capacity as Town Manager, **RONALD SHEPARD,** individually and in his official capacity as Chief of Police, **and DANIEL JONES,** individually and in his official capacity as Chief of Police, | ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**ORDER ON DEFENDANTS' PARTIAL MOTION TO DISMISS**

John Papi and his limited liability company, John J. Papi, LLC, assert claims against the Town of Gorham and several of its officials stemming from Papi's operation of a solid waste removal business. *See* ECF No. 1. Defendants jointly move to dismiss Counts I through VII of the Complaint to the extent they relate to a prior action the Town brought against Papi in the Cumberland County Superior Court. ECF No. 5 at 8. For the reasons explained below, Defendants' motion is granted.

**I. BACKGROUND**

Papi is the sole owner and manager of John J. Papi, LLC, which is a solid waste removal company. Papi obtained a solid waste removal license from the Town of

Gorham each year between 1998 and 2013, as required by the Town's ordinance. Between 2002 and 2014, Papi notified Gorham officials on multiple occasions that other solid waste removal companies were operating in Gorham without the required license. The Town allegedly never took any action in response to these notices. Papi expressed to Town officials his opposition to what he believed was the selective enforcement of the licensing ordinance. In January 2014, Papi engaged in waste hauling without the required license and was issued a citation by the Town. The Town was allegedly aware that other companies were engaging in unlicensed waste hauling at the time, but did not take any enforcement action against those other companies. Papi asserts that he was cited in retaliation for complaining about the selective enforcement of the licensing ordinance.

Papi contested the citation in Cumberland County Superior Court, and the matter proceeded to trial. Papi argued in state court that Gorham's selective enforcement of the licensing ordinance violated the United States and Maine Constitutions. The Superior Court rejected that argument, and upheld the citation. Papi was ordered to pay a fine, cease and desist from hauling solid waste without a municipal license, and pay the Town's costs and attorney's fees.

## II. DISCUSSION

### A. Legal Standard

Defendants move to dismiss the claims against them under Federal Rule of Civil Procedure 12(b)(1), for lack of subject-matter jurisdiction, and under Rule 12(b)(6), for failure to state a claim on which relief may be granted.

Under Rule 12(b)(1), the burden is on Papi[1] to demonstrate that the Court has subject-matter jurisdiction. *See Aversa v. United States*, 99 F.3d 1200, 1209 (1st Cir. 1996). The Complaint should be construed liberally; the Court must treat all well-pleaded facts as true and draw all reasonable inferences in Papi's favor. *Id.* at 1209-10. The Court may also consider evidence outside of the pleadings to determine the jurisdictional issue. *Id.* at 1210.

To survive a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Saldivar v. Racine*, 818 F.3d 14, 18 (1st Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal quotation marks and alterations omitted). The court should accept all well-pleaded facts as true, while ignoring conclusory legal allegations. *Id.* All reasonable inferences should be drawn in favor of the non-moving party. *Id.* at 16. Determining the plausibility of a claim is a context-specific task that requires the court "to draw on its judicial experience and common sense." *Id.* at 18 (quoting *Iqbal*, 556 U.S. at 679) (quotation marks omitted).

**B.     Consideration of Materials Outside the Complaint**

As noted above, a court may consider evidence outside of the pleadings when ruling on a jurisdictional challenge under Rule 12(b)(1). *See Aversa*, 99 F.3d at 1210. A court may also consider certain materials outside the pleadings when ruling on a motion to dismiss under Rule 12(b)(6) without converting the motion to one for summary judgment, including documents of undisputed authenticity, official public

---

[1] Unless the context suggests otherwise, the references to "Papi" in this decision refer to both Papi and his LLC, John J. Papi, LLC.

records, documents central to a plaintiff's claim, and documents sufficiently referred to in the complaint. *See Global Tower Assets, LLC v. Town of Rome*, 810 F.3d 77, 89 (1st Cir. 2016); *see also Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 17 (1st Cir. 1998) ("When . . . a complaint's factual allegations are expressly linked to—and admittedly dependent upon—a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6).").

Here, the Defendants urge the Court to consider a number of documents attached to their motion to dismiss, including the Decision and Order issued by the Cumberland County Superior Court after the trial at which Papi contested his citation. Papi does not dispute the authenticity of these documents or contest the Court's ability to consider them. The Complaint specifically references the Superior Court suit, and asserts that the instant suit "result[s] from damages incurred due to the Town of Gorham's selective enforcement in *Town of Gorham v. John Papi*, Docket No. VI-14-001 (Cumberland County Superior Court, March 27, 2015)." ECF No. 1 at 2, ¶ 3. Because the authenticity of the documents is uncontested and the Complaint's allegations expressly reference and depend upon the Superior Court judgment, the documents are properly considered in analyzing the Defendants' motion to dismiss.

## C. *Rooker-Feldman* Doctrine

Defendants assert that this Court lacks subject-matter jurisdiction over Papi's claims under the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine declares that federal district courts, which lack appellate jurisdiction over state courts, do not have subject-matter jurisdiction over claims that "essentially invite[] federal courts

4

of first instance to review and reverse unfavorable state-court judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005). But *Rooker-Feldman* does not preclude a district court

> from exercising subject-matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court. If a federal plaintiff presents some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party, then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion.

*Id.* at 293 (internal quotations and alterations omitted). The doctrine prevents a losing party in state court from filing suit in federal court after the state proceedings have ended, "complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." *Id.* at 291.

The contours of the *Rooker-Feldman* doctrine are not firmly defined, and the Supreme Court has warned against conflating *Rooker-Feldman* with preclusion law. *See Lance v. Dennis*, 546 U.S. 459, 466 (2006). Here, the Defendants argue that Papi's claims are barred by *Rooker-Feldman* "to the extent Papi seeks to recover damages for whatever harm he has allegedly suffered as a result of the Superior Court judgment entered against him, including, but not limited to, the $15,000.00 he was ordered to pay." ECF No. 10 at 3. At the hearing, Papi disavowed any claim for damages associated with the Superior Court's judgment, asserting instead that the damages and other relief he seeks arise from the Town's alleged ongoing selective enforcement of its licensing requirement for waste haulers, and the competitive disadvantage that enforcement creates for Papi's business. *See also* ECF No. 1 at 8, ¶ 49 (Complaint asserting that "Defendants' selective enforcement of the Ordinance

5

created unfair competition and loss of property, favoring waste haulers, including the Town's contracted water hauler, over Papi."). Because Papi's claims do not fall neatly within the bounds of the *Rooker-Feldman* jurisdictional bar, I conclude that the doctrine does not apply and that this case is best decided on preclusion principles.

**D.    Res Judicata**

Defendants argue that Papi's claims are also barred by the res judicata principle of collateral estoppel, otherwise known as issue preclusion. "[I]ssue preclusion ordinarily bars relitigation of an issue of fact or law raised and necessarily resolved by a prior judgment." *Bravo-Fernandez v. United States*, 137 S. Ct. 352, 358 (2016). Maine law governs whether the Superior Court's decision should be given preclusive effect in this case. *See Miller v. Nichols*, 586 F.3d 53, 60 (1st Cir. 2009). To determine if a claim is barred by issue preclusion, Maine courts apply a two-part test that analyzes: (1) whether the identical issue was necessarily determined by a prior final judgment; and (2) whether the party sought to be precluded had a fair opportunity and incentive to litigate the issue in the prior proceeding. *See Kurtz & Perry, P.A. v. Emerson*, 2010 ME 107, ¶ 24, 8 A.3d 677. Issue preclusion may be asserted even when the second proceeding seeks a different remedy or pursues a different claim from the first, and may be asserted by a party who was not a party to the first action. *Godsoe v. Godsoe*, 2010 ME 42, ¶ 19, 995 A.2d 232.

The Superior Court's decision addressed the constitutional arguments that Papi raises in the instant suit. In the state court case, Papi argued that the Town acted unlawfully by selectively enforcing its licensing ordinance against him in violation of the United States and Maine Constitutions. The Superior Court

6

determined that there was "a rational basis for the Town's enforcement of the Ordinance against [Papi]." ECF No. 5-1 at 6. It further held that "[i]n the absence of a showing that the Town acted in malicious or bad faith to injure him, Papi has failed to prove that the Town of Gorham selectively prosecuted him." *Id.* These issues were necessarily determined by the Superior Court for purposes of the issue preclusion analysis. *See Miller*, 586 F.3d at 61 (holding identical issue prong of test satisfied where both state and federal cases were based on alleged bias in failure to accommodate); *Kurtz*, 2010 ME 107, ¶ 24 (holding identical issue prong satisfied where first case necessarily made factual findings relevant to claims in second case).

It is undisputed that Papi had a fair opportunity and incentive to litigate the issues during the state-court proceeding. The case went to trial, and Papi testified at the trial. *See Miller*, 586 F.3d at 63 (noting that a party who "substantially participates in [prior] litigation" has a full and fair opportunity) (quoting *State v. Hughes*, 2004 ME 141, ¶ 5, 863 A.2d 266). Thus, the second prong of the issue preclusion analysis—that the party to be estopped had a fair opportunity and incentive to litigate the issues in the earlier proceeding—is satisfied.

Papi argues instead that the first prong of the issue preclusion analysis is not met because the scope of the Superior Court proceeding did not allow him to fully address the issues he raises in this case. He contends that the Superior Court case was limited to determining the lawfulness of the specific citation issued to Papi in 2014, and did not address or decide the constitutionality of the allegedly selective administration of the Town's licensing scheme as a whole. He asserts that his federal claims seek to address the unfair competition that results when the Town allegedly

7

requires only some waste haulers to be licensed, while allowing others to operate without a license.

Papi's argument presents a distinction without a difference. The Town's ordinance compels unlicensed waste haulers to obtain a license with the threat of enforcement citations, like the one Papi received. Thus, the selective administration of the licensing scheme and the selective prosecution of enforcement citations are one and the same. By failing to prove to the Superior Court that the Town selectively prosecuted him when it issued the citation, Papi necessarily also failed to prove that the Town selectively administered its licensing scheme.

The preclusive effect of the Superior Court's judgment also binds John J. Papi, LLC, in addition to Papi individually. According to the Complaint, Papi "is the owner and manager of a single-member LLC, John J. Papi, LLC." ECF No. 1 at 4, ¶ 16. Because John J. Papi, LLC is effectively Papi's alter ego, it is precluded from relitigating the issues decided by the Superior Court's judgment, despite not being a party to the earlier action. *See* 18A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4460 (2d ed.); *cf. Van Houten v. Harco Const., Inc.*, 655 A.2d 331, 333 (Me. 1995) (applying issue preclusion to corporation where issue was decided in prior action involving separate corporation with identical ownership and management).

Accordingly, under Maine preclusion law, both Papi and his LLC are estopped from establishing that the Town of Gorham did not have a rational basis on which to enforce the ordinance against them, and are also estopped from establishing that the Town acted with malice or bad faith. They are therefore unable to establish the

elements necessary to prove their constitutional claims. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (holding that "class of one" equal protection claim must demonstrate lack of rational basis for difference in treatment). Counts I through VI of the Complaint, which seek relief based on the allegedly selective enforcement of the licensing ordinance, will therefore be dismissed.

**E.     Count VII**

Defendants seek dismissal of Papi's claims "to the extent they relate to the *Town of Gorham v. Papi*, Docket No. VI-14-001 (Cumberland County Superior Court, March 27, 2015), any issues decided therein, and any alleged harm to the Plaintiffs caused thereby." ECF No. 5 at 8. Count VII, which alleges that the Town did not issue Papi a solid waste license for 2015 and 2016 despite the fact that Papi had paid the licensing fee, does not relate to the Superior Court action.

Defendants do, however, seek dismissal of the defendants who are not alleged to have been involved with the 2015 and 2016 license denials. The Complaint alleges that Defendants the Town of Gorham, David Cole, and the Town Clerk were involved in the failure to issue the licenses for 2015 and 2016. The Town of Gorham Town Council, Ronald Shepard, and Daniel Jones are not alleged to have had any involvement in the conduct complained of in Count VII. Accordingly, Count VII will be dismissed as against the Town of Gorham Town Council, Ronald Shepard, and Daniel Jones.

In addition, the Court's subject-matter jurisdiction for Counts I through VI is premised on federal question jurisdiction under 28 U.S.C. § 1331. *See* ECF No. 1 at 2, ¶ 2. Because Count VII is brought under Maine Rule of Civil Procedure 80B, *see*

9

*id.* at 16, the Court may hear it only by exercising supplemental federal subject-matter jurisdiction over it. Although this Court has the discretion to exercise supplemental jurisdiction, "in this circuit, it is well settled that in the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point toward declining to exercise jurisdiction over the remaining state-law claims." *Eves v. LePage*, 842 F.3d 133, 146 (1st Cir. 2016) (alteration omitted). As this issue has not been briefed, however, the Court will schedule a conference with the parties to solicit their input on the need for any briefing as to whether Count VII should be dismissed without prejudice as against Defendants the Town of Gorham, David Cole, and the Town Clerk.

### III. CONCLUSION

For the foregoing reasons, Defendants' Partial Motion to Dismiss (ECF No. 5) is **GRANTED**. Counts I through VI are dismissed. Count VII is dismissed against Defendants Town of Gorham Town Council, Ronald Shepard, and Daniel Jones.

**SO ORDERED.**

**Dated this 20th day of April 2017.**

                    /s/ **JON D. LEVY**
                    **U.S. DISTRICT JUDGE**