UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| JOHN PAPI, et al., | ) |  |
|---|---|---|
| Plaintiffs, | ) |  |
| v. | ) | 2:16-cv-00560-JDL |
| TOWN OF GORHAM, et al., | ) |  |
| Defendants. | ) |  |

**ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

John Papi and his limited liability company, John J. Papi, LLC, (collectively "Papi") filed a seven-count Complaint against the Town of Gorham ("the Town") and several of its officials relating to the Town's enforcement of its solid waste removal licensing ordinance. *See* ECF No. 1. Papi now moves to amend the Complaint. ECF No. 19. For the following reasons, that motion is denied.

## I.  PROCEDURAL HISTORY

On April 20, 2017, I entered an order granting the Defendants' Partial Motion to Dismiss (ECF No. 5). ECF No. 14. That order dismissed Counts I through VI of the Complaint, as well as Count VII against Defendants Town of Gorham Town Council, Ronald Shepard, and Daniel Jones. *Id.* at 10. Papi's claim in Count VII against the Town, the Town of Gorham Town Clerk, and David Cole was left as the only remaining claim. *Id.*

Papi's dispute with the Town over the solid waste licensing ordinance was the subject of a previous case in the Cumberland County Superior Court (Wheeler, J.),

which arose from a citation issued to Papi for hauling waste without a license in violation of the ordinance. *Town of Gorham v. Papi*, No. VI-14-001, 2015 WL 1757015 (Me. Super. Mar. 27, 2015). Papi contested the citation, claiming that the Town violated his Constitutional rights by selectively enforcing the ordinance against him even though it was not enforced against other waste haulers operating in the town. Because the Superior Court determined that Papi failed to prove that he was selectively prosecuted for violating the ordinance, I concluded that Papi was barred by the principle of collateral estoppel from asserting Counts I through VI in federal court and ordered the dismissal of those counts. *See* ECF No. 14 at 6-9. Count VII, the only remaining count in the Complaint, alleged a violation of Maine Rule of Civil Procedure 80B stemming from the alleged failure of the Town Clerk to issue a solid waste removal license to Papi, despite Papi's payment of the licensing fee. *See* ECF No. 1 at 16.

I subsequently met with counsel to address whether the Court should exercise supplemental federal jurisdiction over Count VII, given that it arose under state law, and in view of the order dismissing all of Papi's federal claims. *See* 28 U.S.C.A. § 1367 (2017). At the conference, Papi's counsel expressed Papi's desire to file an amended complaint in order to assert federal claims arising from the Town's alleged failure to issue the solid waste removal license that is the basis of Count VII. I requested Papi's counsel to file a motion for leave to amend in order to assert the new federal claims. Papi subsequently moved for leave to amend, ECF No. 19, and the Defendants objected, ECF No. 24.

## II.  DISCUSSION

### A.  Legal Standard

After the time for amendments as a matter of course has passed, a party may amend its pleading with leave of the court, which should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2).  Accordingly, leave to amend should be granted where there is no "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility." *Foman v. Davis,* 371 U.S. 178, 182 (1962); *see also Chiang v. Skeirik,* 582 F.3d 238, 244 (1st Cir. 2009).  If leave to amend is sought before discovery is complete and neither party has moved for summary judgment, a proposed amendment will be denied if the amendment fails to state a claim and is, therefore, futile.  *See Hatch v. Dept. for Children, Youth and Their Families,* 274 F.3d 12, 19 (1st Cir. 2001). "Futility" is gauged by the criteria of Federal Rule of Civil Procedure 12(b)(6) governing motions to dismiss for failure to state a claim.  *Id.*  A proposed amended complaint therefore "must contain sufficient factual matter to state a claim to relief that is plausible on its face."  *Saldivar v. Racine*, 818 F.3d 14, 18 (1st Cir. 2016) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)) (internal quotation marks and alterations omitted).

### B.  The Proposed Amendment

Papi's Proposed Amended Complaint seeks to re-assert all seven counts in the original complaint by alleging "additional facts to clarify that the complained of actions by the Defendants occurred prior to and subsequent to the state court's

3

decision in *Town of Gorham v. John Papi*." ECF No. 19 at 4. Papi claims that the amendments makes "clear, that [the] state court neither had before it, nor decided all of the allegations raised in the amended Complaint." *Id.* at 5. Papi further argues that the amended Complaint asserts a claim for selective licensing of solid waste haulers, which should be understood as distinct from the selective enforcement of the licensing ordinance.

Papi's first argument misapprehends the basis for the Court's order of dismissal. The doctrine of collateral estoppel, otherwise known as issue preclusion, does not require that all of the claims raised by a later suit were determined by the prior judgment. 13C Charles Alan Wright & Arthur R. Miller, et al., *Federal Practice and Procedure* § 4416 (3d ed. 2017 Update); *see also Southern Pac. R. Co. v. United States*, 168 U.S. 1, 48-49 (1897) ("[E]ven if the second suit is for a different cause of action, the right, question, or fact once so determined must . . . be taken as conclusively established."). Collateral estoppel instead deals with the preclusive determination of factual matters. "Issue preclusion reflects the fundamental principle that courts should not revisit factual matters that a party previously litigated and another court actually decided." *Miller v. Nichols*, 586 F.3d 53, 60 (1st Cir. 2009). Because the Superior Court's judgment determined that the Town did not engage in selective enforcement and had a rational basis for enforcing the licensing ordinance against Papi, Papi is estopped from asserting any claim that requires him to prove that the Town acted without a rational basis, regardless of whether that specific claim was before the Superior Court. *See* ECF No. 14 at 7-9. Papi had his day in court, and thus had an opportunity to prove that the ordinance had been

4

selectively enforced against him. Because he failed to prove selective enforcement in state court, collateral estoppel prevents trying the case a second time in federal court.

Moreover, the fact that some of the allegations set forth in the Proposed Amended Complaint relate to events that took place after the date of the Superior Court judgment does not save Papi's Proposed Amended Complaint. There is no allegation that the Defendants have changed their conduct in any way; Papi asserts that they continue to require him to have a license while not requiring other haulers to have a license, just as he claimed they did before the state case was brought against him. The allegation of continuing conduct does not give rise to a new claim. The Superior Court determined that the Defendants' actions were constitutional. The fact that the Defendants continued to act in the same way after the Superior Court's decision therefore cannot give rise to a claim for a constitutional violation.

Papi further argues that the Superior Court did not address the argument he seeks to make in support of his Amended Complaint, namely that the Town is engaging in selective administration of the licensing scheme at the level of the town clerk's office, rather than selective enforcement of the licensing ordinance. Papi asserts that selective administration is different from the selective enforcement that was at issue in the state case because enforcement requires the exercise of discretion, while administration of the ordinance by the town clerk's office does not allow for the exercise of any discretion. Specifically, Papi asserts that the town clerk's office does not have the discretion to allow some haulers to operate without a license, but that it is nonetheless permitting some haulers to do so.

5

Papi's proposed distinction between "selective administration" or "selective licensing," on the one hand, and "selective enforcement," on the other, rests on a false distinction between requiring haulers to have a license under the ordinance, and enforcing the ordinance against those who do not have a license. As discussed in my previous order in this case, those are one and the same thing. *See* ECF No. 14 at 8 ("The Town's ordinance compels unlicensed waste haulers to obtain a license with the threat of enforcement citations, like the one Papi received. Thus, the selective administration of the licensing scheme and the selective prosecution of enforcement citations are one and the same."). The town clerk's office cannot compel haulers to obtain a license, or authorize some haulers to operate without one. The clerk's office is responsible for issuing licenses to those who apply for them; it is not responsible for forcing people to apply for a license in the first place. The threat of an enforcement citation is what compels haulers to apply for and obtain a license.

Papi's claim of "selective administration" was therefore considered and rejected by the Superior Court when it considered and rejected his arguments regarding selective enforcement. Papi presented evidence that not all waste haulers in the Town had the required license, but that they were nonetheless not issued citations. *See Town of Gorham v. Papi*, No. VI-14-001, 2015 WL 1757015, at *3 ("Papi established that there are other haulers that are not licensed."). Moreover, the court recognized that "Papi simply wants the court to level the playing field and to make the community business friendly for competition." *Id.* The Superior Court nonetheless determined that no Constitutional violation had occurred. *Id.* Papi has already made his arguments both that the Town unfairly targeted him, and unfairly

6

failed to target others. The Superior Court heard and decided those allegations, and its decision must be respected by this Court under sound jurisprudential principles.

Thus, Papi's Proposed Amended Complaint does not cure the defect contained in his original Complaint, and his Proposed Amended Complaint is futile.

**C.     Count VII**

Count VII asserts that Papi was not issued a license despite paying the required fee. Papi's counsel confirmed at oral argument, however, that Papi had in fact been issued a license before the filing of the proposed amended complaint, although counsel was unsure whether the license was in effect as of the date of argument. It is therefore not clear that a factual basis for this claim exists.

Moreover, Count VII in the Proposed Amended Complaint is identical to Count VII in the original Complaint, and does not present an independent basis for the exercise of federal jurisdiction. *Compare* ECF No. 1 at 16 *with* ECF No. 19-2 at 18. Accordingly, it will be dismissed without prejudice so that Papi may pursue the claim in state court if he chooses. *See Eves v. LePage*, 842 F.3d 133, 146 (1st Cir. 2016) ("A district court may decline to exercise supplemental jurisdiction if the court has dismissed all claims over which it has original jurisdiction.") (internal quotation marks omitted); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) (noting that supplemental jurisdiction is "a doctrine of discretion, not of plaintiff's right").

## III. CONCLUSION

For the foregoing reasons, Papi's Motion for Leave to Amend the Complaint (ECF No. 19) is **DENIED**. Furthermore, Count VII of the Complaint is **DISMISSED** without prejudice.

**SO ORDERED.**

**Dated this 14th day of August 2017**

/s/ JON D. LEVY
**U.S. DISTRICT JUDGE**